Hillsborough, }
    Dec., 1894. }

### JEWELL v. McQUESTEN & a.

In a petition for partition, brought by the husband of a person deceased against her devisees, a plea in bar alleging an agreement by the husband not to claim any right, title, or interest in his wife's property is demurrable.

PETITION, for partition. To the defendants' plea in bar—alleging that August 9, 1884, the plaintiff's wife Mary was seized in fee simple of the land described in the petition and of other land, that on that day she and her husband entered into a contract for a division of property, that pursuant to the terms of said contract Mary deeded to the plaintiff one half of the property then standing in her name, that by said contract they mutually agreed with each other in writing that neither one would claim any right, title, or interest in the other's property, that Mary died in October, 1892, and that the defendants are devisees of the lands not conveyed by her to her husband—the plaintiff demurred.

*Burnham, Brown & Warren*, for the plaintiff.

*David A. Taggart*, for the defendants.

CARPENTER, J. The plea is bad. Assuming all the allegations to be true, the plaintiff may nevertheless be entitled to judgment for partition. His agreement not to claim any right, title, or interest in Mary's property is not in terms an agreement not to claim his statutory rights in the property after her decease. P. S., c. 195, ss. 12, 13.

Consistently with the plea, her acquisition of the property may have been "occasioned by payment or pledge of the property of" the plaintiff, and the only purpose and effect of the contract, assuming it to be valid in law, may have been to enable her to hold the property during the continuance of their married life free from her husband's interference or control. P. S., c. 176, s. 1. The question whether by any form of contract he could convey or release to his wife, or estop himself from claiming, his statutory rights in her estate after her decease is not considered.

*Demurrer sustained.*

All concurred.